CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC
2026 JAN 14 A 8:07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

**JANICE WOLK GRENADIER,**

Plaintiff,

v.

**GLENN YOUNGKIN,**

Case: 1:26-cv-00136 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 1/14/2026
Description: Pro Se Gen. Civ. (F-DECK)

in his individual and official capacity as Governor of Virginia;

**JASON MIYARES,**
in his individual and official capacity as Attorney General of Virginia;

**DAVID RICHARDSON,**
in his individual and official capacity as Head of Risk Management, Virginia Treasury;

**CITY OF ALEXANDRIA;**

**JAMES PARAJON,**
in his individual and official capacity as City Manager;

**DOES 1–50,**

Defendants.

RECEIVED
Mailroom
JAN 14 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

## COMPLAINT
## (Civil Rights, RICO, and Supplemental State-Law Claims)

### JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This action arises from **systemic failures of governance**, including unlawful arrest and detention, deprivation of property without due process, judicial abuse, and retaliatory conduct, all operating **under color of state law** in Virginia.

2. Plaintiff repeatedly placed Defendants on **actual notice** of these violations through filings, correspondence, and FOIA requests. Despite possessing authority and a constitutional duty to act, Defendants **failed to intervene**, thereby **ratifying ongoing misconduct**.

3. Defendants' inaction enabled the **continuation of constitutional injuries**, transforming discrete abuses into a **pattern and practice** affecting not only Plaintiff but numerous similarly situated individuals.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337; 42 U.S.C. §§ 1983, 1985, 1986; and 18 U.S.C. § 1964.

5. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

6. Venue is proper in the District of Columbia because this action seeks **declaratory and injunctive relief** against state officials for ongoing constitutional violations implicating federal oversight and national interests.

## III. PARTIES

7. Plaintiff **Janice Wolk Grenadier** is a homeowner and citizen of the United States residing in Alexandria, Virginia, and is a victim of unlawful arrest, deprivation of liberty, and deprivation of property without due process.

8. Defendant **Glenn Youngkin** is the Governor of the Commonwealth of Virginia and is sued in his individual and official capacities. At all relevant times, he possessed supervisory authority and a constitutional duty to ensure that state actors did not engage in systemic violations of civil rights.

9. Defendant **Jason Miyares** is the Attorney General of Virginia and is sued in his individual and official capacities. At all relevant times, he possessed authority to investigate, remediate, and prevent violations of constitutional rights by state actors.

10. Defendant **David Richardson** is the Head of Risk Management for the Virginia Treasury and is sued in his individual and official capacities. At all relevant times, he possessed authority over risk mitigation, indemnification, and financial exposure arising from constitutional torts.

    For purposes of declaratory and injunctive relief, Defendants Youngkin, Miyares, and Richardson are sued in their official capacities as officers of the Commonwealth of Virginia, pursuant to *Ex parte Young*.

11. Defendant **City of Alexandria** is a municipal entity responsible for law enforcement, judicial administration, property-related actions, and **risk management and indemnification practices**, and is liable for policies, customs, and failures to supervise that resulted in constitutional injuries to Plaintiff.

12. Defendant **James Parajon** is the City Manager of Alexandria and is sued in his individual and official capacities. At all relevant times, he possessed supervisory authority over municipal actors who failed to intervene.

13. Defendants **DOES 1–50** are unknown individuals who participated in or ratified the misconduct alleged herein.

## IV. FACTUAL ALLEGATIONS

### A. Unlawful Arrest and Retaliation (Virginia Beach)

14. Plaintiff was subjected to arrest, threats, and coercive law-enforcement action **without lawful basis**, constituting retaliation and deprivation of liberty.

15. These actions violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.

### B. Divorce Proceedings, Illegal Jailing, and Property Deprivation

16. Plaintiff was unlawfully jailed during divorce proceedings and denied due process.

Courts failed to adjudicate or protect Plaintiff's property rights, despite statutory and constitutional obligations.

17. These violations continued after Defendants received notice and possessed authority to intervene.

### C. Deed Theft – 15 West Spring Street, Alexandria, Virginia

18. Plaintiff was dispossessed of her home **without due process or lawful authority**.

19. Judicial, municipal, and law-enforcement actors refused to intervene despite evidence of fraud and lack of standing.

## V. ACTUAL NOTICE AND FAILURE TO INTERVENE

20. Defendants received **actual notice** through FOIA requests, sworn filings, and correspondence detailing unlawful arrest, illegal incarceration, property deprivation, and judicial abuse.

21. Defendants possessed the authority to investigate, remediate, and halt these violations.

22. Defendants **failed to act**, constituting deliberate indifference and ratification.

23. **Plaintiff further alleges** that she was subjected to religiously motivated hostility and discriminatory treatment during related judicial proceedings, including public and quasi-public communications that caused reputational harm and personal distress. Plaintiff expressly preserves all rights to assert claims arising from religious discrimination, class-based animus, and related retaliatory conduct in a subsequent amended pleading or separate action, after appropriate discovery. **No such claims are asserted herein at this time.**

## VI. TREASURY AND RISK-MANAGEMENT RATIFICATION

24. Defendant **David Richardson**, as head of Virginia Treasury Risk Management, was placed on notice of **constitutional tort exposure and continuing loss**.

25. The failure to investigate or remediate shifted costs to the public and **financially ratified ongoing misconduct**, supporting enterprise liability.

26. Defendant **James Parajon**, as City Manager of Alexandria, possessed supervisory authority over municipal risk management, insurance exposure, and loss mitigation. Despite receiving actual notice of unlawful arrest, illegal incarceration, and deprivation of property affecting Plaintiff, he failed to initiate investigation, remediation, or corrective action, thereby ratifying ongoing constitutional violations at the municipal level.

## VII. CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983 (Deprivation of Rights)

1. Defendants deprived Plaintiff of liberty and property without due process.

### COUNT II – Americans with Disabilities Act (Title II)

*(42 U.S.C. § 12132; 42 U.S.C. § 12203)*

1. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.
2. Defendants are public entities and public officials subject to Title II of the ADA.
3. Defendants were placed on actual notice of Plaintiff's need for reasonable accommodations in judicial, law-enforcement, and administrative proceedings.
4. Defendants failed to provide reasonable accommodations, denied Plaintiff meaningful access to public services and proceedings, and retaliated against Plaintiff for asserting protected rights.
5. Defendants' acts and omissions constitute a continuing violation of federal law, entitling Plaintiff to declaratory and injunctive relief and all other appropriate remedies.

### COUNT III – 42 U.S.C. §§ 1985 & 1986 (Conspiracy; Failure to Prevent)

1. Defendants conspired to obstruct justice and failed to prevent known violations.

### COUNT IV – RICO (18 U.S.C. § 1962(c) & (d))

1. Defendants conducted and participated in an enterprise through a pattern of racketeering activity.
2. Plaintiff seeks **mandatory treble damages** under 18 U.S.C. § 1964(c).

### COUNT V – 18 U.S.C. §§ 241 & 242 (Conspiracy Against Rights)

1. Defendants conspired to deprive Plaintiff of constitutional rights under color of law.

## VIII. STATE-LAW TORT CLAIMS

(Supplemental Jurisdiction)

### COUNT VI – Abuse of Process

### COUNT VII – Malicious Prosecution / Wrongful Institution of Proceedings

### COUNT VIII – Intentional Infliction of Emotional Distress

### COUNT IX – Civil Conspiracy (Common Law)

Defendants misused legal processes for improper purposes, causing severe harm.

## IX. DAMAGES AND RELIEF

Plaintiff seeks:

A. Compensatory damages;
B. **Treble damages** under RICO;
C. **Punitive damages** against individual defendants;
D. Declaratory relief;
E. Injunctive relief;
F. Costs and fees;
G. Such other relief as the Court deems just.

## X. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

## XI. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: January 13, 2026

Respectfully Submitted

**Janice Wolk Grenadier**
15 W. Spring St.,
Alexandria, VA 22301
jwgrenadier@gmail.com
202-368-7178